O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND VELASQUEZ, | ) | NO. SACV 12-1103-SJO (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING "MOTION" |
| | ) | AND DENYING A CERTIFICATE |
| WARDEN, | ) | OF APPEALABILITY |
| Respondent. | ) | |

Petitioner, a California state prisoner, filed a motion on July 5, 2012 ("Motion"). The Motion represents Petitioner's third attempt in this district court to attack the sentence he received in 1998, based on his 1997 state court conviction.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, Rule 4 requires that the Motion be dismissed summarily.

**BACKGROUND**

On August 17, 2000, Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Eastern District of California, which subsequently was transferred to this Court and assigned Case No. CV 00-9548-AHM (EE) (the "First Action"). The petition in the First Action challenged the same state court sentence at issue here. Petitioner raised a single claim that challenged the validity of his Three Strikes sentence, arguing that: he had received dual punishment; and the portion of his sentence based on his Count II conviction, for which he received a Three Strikes sentence, should have been stayed.[1] On March 16, 2001, Judgment was entered in the First Action, dismissing the petition. Petitioner did not appeal.

Eleven years passed. On May 11, 2012, Petitioner filed a second Section 2254 habeas petition in this Court, which was assigned Case No. SACV 12-770-SJO (MAN) (the "Second Action"). The petition in the Second Action again attacked Petitioner's 1998 sentence. Petitioner alleged that his state court sentence is invalid because: his 1990 conviction for voluntary manslaughter was not properly treated as a prior conviction "strike," as doing so violated the terms of his 1990 plea bargain; his plea bargain in the 1990 case was statutorily barred, and thus, the 1990 conviction is illegal and invalid; his 1982 and 1990 prior "strike" convictions are constitutionally invalid for various reasons, including that he did not receive adequate advice and warnings

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of this district's case files and records as well as the dockets for the United States Court of Appeals for the Ninth Circuit available through the PACER system.

before he pleaded guilty in both cases and his counsel provided ineffective assistance; the use of Petitioner's 1990 conviction as a "strike" retroactively, and thus impermissibly, increased his punishment for the 1990 conviction; and the Three Strikes provisions should not have been applied to his "strike" convictions, because they were incurred prior to the effective date of the Three Strikes law. By Order and Judgment filed and entered on May 30, 2012, the Second Action was dismissed, without prejudice, on the ground that the petition was second or successive within the meaning of 28 U.S.C. § 2244(b) and Petitioner had not obtained leave from the Ninth Circuit to bring it. Petitioner did not appeal the dismissal of the Second Action.

The instant Motion again attacks Petitioner's 1998 state court sentence, based on some of the same arguments made by Petitioner in the Second Action. Petitioner asserts that he is entitled to raise these arguments, and to attack his 1998 state court sentence, in federal court pursuant to 18 U.S.C. § 3742 and Rule 35 of the Federal Rules of Criminal Procedure.

The dockets for the Ninth Circuit show that Petitioner still has not filed an application in the Ninth Circuit for leave to file a second or successive habeas petition.

**DISCUSSION**

The Motion must be dismissed summarily for two reasons, namely: the Motion does not state any cognizable basis for the relief sought; and the Motion is a disguised second or successive Section 2254

petition.

First, Petitioner's reliance on 18 U.S.C. § 3742 and Rule 35 of the Federal Rules of Criminal Procedure for the relief he seeks is misplaced. 18 U.S.C. § 3742 pertains to appeals of sentences imposed under the United States Sentencing Guidelines, not to state sentences. *See* 18 U.S.C. § 3742, *passim*; Speller v. Johnson, 2010 WL 2653374, at *2 (E.D. Va. July 2, 2010)(state prisoner's habeas attack on sentence, premised on 18 U.S.C. § 3742, was not cognizable, because the statute only applies to sentences imposed pursuant to the United States Sentencing Guidelines). Similarly, the Federal Rules of Criminal Procedure, including Rule 35, apply only to federal criminal proceedings and not to state court criminal matters. *See, e.g.,* Fed. R. Civ. P 1(a)(1) ("these rules govern the procedure in all criminal proceedings in the United States district courts . . ."); U.S. ex rel. Gaugler v. Brierley, 477 F.2d 516, 523 (3d Cir. 1973)(the Federal Rules of Criminal Procedure "do not extend to prosecutions in state courts for violations of state criminal laws" and "govern *only* prosecutions in federal courts for violation of criminal laws of the United States"); Cameron v. Hauck, 383 F.2d 966, 971 n.7 (5th Cir. 1967)(the "Federal Rules [of Criminal Procedure] do not apply to state cases"). Accordingly, the Motion does not state any tenable basis for relief under this federal statute and criminal rule, a basis that alone justified summary dismissal.[2]

Second, as Petitioner is in state custody and seeks to challenge a

---

[2] In addition, even if Petitioner could seek relief pursuant to 18 U.S.C. § 3742 and/or Fed. R. Crim. P. 35 (and he cannot), the Motion -- which was filed over 13 years after Petitioner was sentenced in state court -- is grossly untimely under either provision.

state court sentence, Section 2254 provides the only basis for such a challenge. *See* White v. Lambert, 370 F.3d 1002, 1007-10 (9th Cir. 2004)(holding that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"). As a result, Petitioner's attempted attack on his sentence is subject to the second or successive petition limitations that govern Section 2254 actions.

Specifically, state prisoners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of

the two grounds articulated in § 2242(b)(2)." <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same state court sentence at issue here. The First Action petition was dismissed on the ground that Petitioner had not established his entitlement to federal habeas relief, because he did not claim to be in custody in violation of federal law or the United States Constitution and had not shown that the state court's denial of his claim was contrary to or an unreasonable application of clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1). (*See* First Action docket, No. 11 at 2-3.) Although the Order and Judgment dismissing the First Action petition did not specify whether the case was dismissed with or without prejudice (*see id.*, Nos. 12-13), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the involuntary dismissal of the Prior Petition action must be construed to constitute an adjudication on the merits and to have been with prejudice. *See* Fed. R. Civ. P. 41(b); <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956-57 (9th Cir. 2002); <u>Moon v. Dulles</u>, 237 F.2d 241, 242 (9th Cir. 1956).

Critically, Petitioner's present claims are based on events that occurred at and/or predated his 1998 sentencing; they do not rest on newly-discovered evidence or a new and retroactively-applicable rule of constitutional law, as is required by 28 U.S.C. § 2244(b)(2)(A)-(B). Accordingly, the current Motion is second or successive within the

meaning of Section 2244(b).[3]

Petitioner has not sought or obtained permission to bring a second or successive petition. Thus, this Court lacks jurisdiction to consider the Motion. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: July 13, 2012.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[3] The Motion also appears to be grossly untimely for purposes of the 28 U.S.C. § 2244(d)(1) limitations period that governs state prisoners' Section 2254 requests for relief.